2021-2320, -2376

# United States Court of Appeals for the Federal Circuit

JOE A. SALAZAR,

*Plaintiff-Appellant,*

– v. –

AT&T MOBILITY LLC, SPRINT UNITED MANAGEMENT COMPANY, T-MOBILE USA, INC., CELLCO PARTNERSHIP INC., dba Verizon Wireless, Inc.,

*Defendants-Cross-Appellants,*

HTC CORPORATION, HTC AMERICA, INC.,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the Eastern District of Texas in No. 2:20-cv-00004-JRG J. Rodney Gilstrap, Chief Judge*

**PLAINTIFF-APPELLANT'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CROSS-APPEAL**

Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
(202) 748-8950
dkeyhani@keyhanillc.com

*Counsel for Plaintiff-Appellant*

April 22, 2022

Appellant Joe Andrew Salazar ("Salazar") files this reply to Defendants' Opposition to Plaintiff's Motion to Dismiss Cross Appeal (Dkt. No. 30). For the reasons outlined in Salazar's Motion to Dismiss (Dkt. No. 28) and the instant reply, Salazar asks that the cross-appeal in this case be dismissed or in the alternative that the Court treat Defendants' Response Brief as a response brief to Salazar's Principal Brief, and not allow Defendants to file a sur-reply.

I. **Defendants Misrepresent the Extension they Requested and Were Granted.**

In their Opposition, Defendants repeatedly misrepresent the extension they requested Salazar to consent to and were granted by the Court by falsely referring to the document at issue as merely a "Brief" or "single brief." As the communications between the parties show, Defendants unambiguously sought extension of only a response brief. Further, Defendants' motion requesting an extension was titled "Unopposed Motion for a 59-Day Extension of Time to File Appelles' [sic] ***Responsive Motion***" and repeatedly and exclusively refers to the brief as a "Response Brief," making no reference to cross appeal, principal brief, or Rule 28.1. Dkt. No. 12 (emphasis added). And the Court granted relief consistent to Defendants request, stating: "The **response brief** is due 02/24/2022." Dkt. No. 13 (emphasis added). Defendants' attempt at rewriting the facts should be rejected. As outlined in Salazar's Motion, Defendants never provided Salazar any notice that they planned to file a principal brief after the Court's deadline, never corrected Salazar's

understanding of Defendants' request, and were conspicuously evasive when Salazar attempted to ascertain what type of brief Defendants had filed. Salazar believed Defendants abandoned their plan to file a cross appeal when Defendants elected not to serve their cross appeal on its due date, and Defendants' conduct confirmed this belief by referring to and presenting their brief as a "Response Brief," which was completely devoid of any mention of a principal brief.[1]

As demonstrated by Defendants' conduct and communication with Salazar and the Court, Defendants disregarded this Court's rules and the Federal Rules of Appellate Procedure and filed their cross appeal almost two months after the deadline. Accordingly, Salazar requests Defendants' cross-appeal be dismissed. *See* Fed. Cir. R. 25(h) ("Failure to comply with the court's rules may result in dismissal of the appeal or other action as deemed appropriate by the court."); Fed. Cir. R. 31(d) ("If the appellant or petitioner fails to file a principal brief, the clerk of court is authorized to dismiss the case."); Fed. R. App. P. 31(c) ("If an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal.").

---

[1] Defendants' perceived abandonment of their appeal and Salazar's belief Defendants' notice of appeal was merely a placeholder was not surprising: Defendants unequivocally waived their validity challenge and district court Judge Gilstrap, who by Defendants' own admissions "[wa]s in a superior position to rule on the preclusive effects of the verdict and final judgment [of Salazar's case against HTC]," repeatedly denied Defendants' motions relating to the issue of claim preclusion. Dkt. No. 25 at 21, 50-51.

## II. Salazar was Prejudiced by Defendants' Actions.

Defendants' belated filing of their cross appeal and evasive conduct after filing its "Response Brief" was highly prejudicial to Salazar. As detailed in his Motion, Defendants led Salazar to believe they filed only a response brief. Only after Salazar persisted and expressed confusion over Defendants' Response Brief's two stray references to "cross-appeal" and sought clarification did Defendants affirmatively take the position their Response Brief included two sections that they deemed to be a cross appeal. Dkt. No. 28 Ex. D, at 3-4.

Defendants' argument that Salazar was not disadvantaged because he filed a timely brief that complied with Rule 28.1 is without merit. As set out in his Motion, Defendants' actions have caused him to not know how to strategically organize and frame his arguments as a result of Defendants' Response Brief's lack of clarity and Defendants' belated position that the brief included a cross appeal. Salazar was also left to wonder whether Defendants will have an opportunity to provide additional briefing and how to allocate and manage the word limit with respect to each argument raised.

At the very least, Defendants created significant confusion, and led Salazar to believe their Response Brief was not a Principal Brief pursuant to Rule 28.1. Salazar maintained this understanding until March 15, 2022 when Defendants took the affirmative position their Response Brief included a cross appeal and identified

portions of their brief as "cross appeal issues." Dkt. No. 28, Ex. D at 3. Accordingly, Defendants' actions have unfairly prejudiced Salazar.

## III. Conclusion

For all the reasons addressed in Salazar's Motion and the foregoing reply, Salazar respectfully asks that the Court dismiss Cross-Appellants' principal brief (Dkt. No. 15). If the Court is not inclined to deny the Motion outright, Salazar respectfully requests that, consistent with Defendants' own proposal, the Court treat Defendants' brief as a response to Salazar's Principal Brief, and not allow Defendants to file a sur-reply. As Defendants note in their Opposition (Dkt. No. 30 at 10), all of the issues raised in their Response Brief may be considered without a cross-appeal.

# CERTIFICATE OF SERVICE

The undersigned certifies that on April 22, 2022, Appellant's Reply to Defendants' Opposition to Plaintiff's Motion to Dismiss Cross-Appeal was served on counsel of record via ECF. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

<pre>
                    s/ Frances H. Stephenson
                    Frances H. Stephenson
</pre>

FORM 19. Certificate of Compliance with Type-Volume Limitations                    Form 19
                                                                                    July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2021-2320, -2376

**Short Case Caption:** Salazar v. AT&T Mobility LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __913__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: April 22, 2022          Signature: /s/ Dariush Keyhani

                              Name:      Dariush Keyhani